UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN RICK MANNING,

        Petitioner,

v.                              CASE NO. 90-CV-73421-DT
                               HONORABLE DENISE PAGE HOOD

JOHN JABE,

        Respondent.
_____/

**ORDER**
**(1) GRANTING PETITIONER'S MOTION TO EXCEED THE PAGE LIMIT,**
**(2) DENYING PETITIONER'S MOTIONS FOR AN EVIDENTIARY HEARING,**
**FOR APPOINTMENT OF COUNSEL,**
**AND FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND**
**(3) TRANSFERRING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**
**TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE HABEAS PETITION**

        Habeas petitioner Robin Rick Manning has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). The motion challenges the dispositive opinion and order dated March 20, 1992, in which this Court's predecessor denied Petitioner's habeas corpus petition. Petitioner alleges in his pending motion for relief from judgment that he is actually innocent of the first-degree murder conviction for which he is incarcerated. He seeks to have the Court review two issues that he raised in his habeas petition. He also seeks appointment of counsel, an evidentiary hearing, and permission to exceed the twenty-page limit for supporting briefs. *See* Local Rule 7.1(c)(3)(A) (E.D. Mich. Dec. 1, 2005).

        Rule 60(b) permits a party to ask for a reopening of his case and relief from judgment under limited circumstances such as fraud, mistake, and newly discovered evidence. *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). A Rule 60(b) motion that contains one or more claims is in

substance a successive habeas petition, which should be treated accordingly. *Id*. at 531.

Petitioner is challenging the disposition of two claims that this Court's predecessor adjudicated on the merits.[1] He also seeks to submit new evidence of actual innocence. A Rule 60(b) motion asserts a claim if the motion attacks the federal court's previous resolution of an issue on the merits or if the motion seeks leave to present newly discovered evidence. *Id.* at 531-32. Thus, under *Gonzalez*, Petitioner's motion for relief from judgment asserts a claim and must be deemed a second or successive habeas corpus petition.

State prisoners may not file a second or successive habeas corpus petition unless they first obtain an appellate court order authorizing the district court to consider the habeas petition. 28 U.S.C. § 2244(b)(3)(A). When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization from the appellate court, the district court must transfer the document to the Court of Appeals. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner has not acquired pre-certification by the Court of Appeals to file a second or successive habeas petition. Therefore, the Clerk of Court is ORDERED to transfer Petitioner's motion for relief from judgment [Dkt. 48, May 29, 2007] to the Court of Appeals

---

[1] The first claim alleges that Petitioner's rights to due process and a fair trial were violated by the non-disclosure of a promise made to a co-defendant who testified against Petitioner after pleading guilty to second-degree murder. Petitioner asserts that the federal court overlooked certain evidence in its dispositive opinion and erred when it held that he objected to revealing any information about the co-defendant's guilty plea.

The second claim, which Petitioner seeks to have the Court reconsider, alleges that the evidence supporting Petitioner's first-degree murder conviction was insufficient. Petitioner alleges that the Court's factual findings were incorrect.

pursuant to *Sims* and 28 U.S.C. § 1631.[2] Petitioner's application to proceed *in forma pauperis* [Dkt. No. 49, May 29, 2007] and his motions for appointment of counsel and an evidentiary hearing [Dkt. Nos. 50 & 51, May 29, 2007] are DENIED as moot. Petitioner's motion to exceed the page limit [Dkt. No. 52, May 29, 2007] is GRANTED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

---

[2] Section 1631 provides in pertinent part that:

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

3